UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| BARDELL J. ANDERTON,<br><br>               Plaintiff,<br><br>     v.<br>AVERY FINANCIAL SERVICES, Jeff Avery, Dan Hebdon, Debbie Criddle, Dan C. Nye, Dale Hitch, Mitchell Brown, FREMONT INVESTMENT & LOAN, 1ST AMERICAN TITLE CO., LITTON LOAN SERVICE, MERS aka Mortgage Electronic Registration Services, C-BASS aka Credit Based Asset Servicing & Securitization, NORTHWEST TRUSTEE SERVICES, ROUTH CRABTREE OLSEN P.S., Lance Olsen, ACE SECURITIES CORP. HOME EQUITY LOAN TRUST SERIES 2004-FMI, Derrick O'Neill, HSBC, BANK, USA, BANNOCK COUNTY (DEPUTY SHERIFF, Barker), Randy Smith, Ronald Bush, Peter McDermott, William Woodland, and Lynn Winmill, and un-named/unknown Defendants 1- 100,<br><br>              Defendants. | Case No. 4:10-CV-00392-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

**ORDER ON REPORT AND RECOMMENDATION - 1**

On August 23, 2011, Chief United States Magistrate Judge Candy W. Dale issued

a Report and Recommendation (Dkt. 37) in this matter.  Pursuant to 28 U.S.C. §

636(b)(1), the parties had fourteen days in which to file written objections to the Report

and Recommendation. On September 13, 2011, Plaintiff Bardell Anderton ("Anderton")

filed a written response to the Report and Recommendation (Dkt. 39).  The Court will

deem the response as an objection and consider it timely filed since the Report and

Recommendation was mailed to the Plaintiff and the Court cannot determine when the

Plaintiff received the Report and Recommendation.  On September 28, 2011, Defendants

filed a Response to Plaintiff's Objection (Dkt.  41). The matter is now ripe for the Court's

review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge."

Moreover, this Court "shall make a de novo determination of those portions of the report

which objection is made."  *Id.*  In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge
> must review the magistrate judge's findings and recommendations de novo
> if objection is made, but not otherwise. As the *Peretz* Court instructed, "to
> the extent de novo review is required to satisfy Article III concerns, it need
> not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939
> (internal citation omitted). Neither the Constitution nor the statute requires a
> district judge to review, de novo, findings and recommendations that the
> parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251
> ("Absent an objection or request for review by the defendant, the district

**ORDER ON REPORT AND RECOMMENDATION - 2**

court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, Plaintiff objects to Judge Dale's recommendations to dismiss the case.

The Court reviewed the Report and Recommendation and the record in this matter and finds the Report and Recommendation to be well-founded in the law based on the facts of this particular case. Anderton expresses great dissatisfaction with the judicial system, the concept of absolute judicial immunity which prevents judges from being held civilly liable to the parties for their rulings, and the decision to dismiss the claims against the non-judicial defendants on technicalities.

The Court's review of the pending motions to dismiss is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. *Tucker v. Carlson*, 925 F.2d 330 (9th Cir. 1991). However, the Court reminds Anderton that pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Judge Dale properly summarized the case as follows:

> Plaintiff Bardell Anderton, proceeding pro se, brings this civil rights action under 42 U.S.C. §§ 1983 and 1985 against various financial institutions, lawyers, and judges relating to the foreclosure of his home in Pocatello, Idaho. The gist of Plaintiff's complaint is that he was fraudulently induced into taking out a home loan that he could not repay, which led to the foreclosure sale of his home, and that the named financial institutions, lawyers, and judges conspired against Plaintiff in an effort to deprive him of his property.

Report and Recommendation at 1-2, Dkt. 37.

**ORDER ON REPORT AND RECOMMENDATION - 3**

The Court finds Plaintiff's claims are not supported by the law and Plaintiff has failed to comply with the procedural rules for service of process set forth in Fed. R. Civ. P. 4 and for setting forth with particularity claims of fraud or deceit as required by Fed. R. Civ. P. 9(b).  Plaintiff has also failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Congress has created a cause of action against private individuals who, while acting under color of law, violate the constitutional rights of private citizens. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

*Id.* In order for a plaintiff to prevail on a § 1983 claim he or she must show that (1) the actor that deprived them of their rights acted under color of law and (2) the action actually deprived them of a constitutional right. Section 1983 and 1985 claims cannot be brought against parties who are not "state actors" acting under the color of law. The financial institutions Plaintiff is trying to sue are not "state actors" as defined by the statute and case law.

As to the named Defendants who are judges (who would be considered "state actors"), the judges are entitled to immunity.  It is well-settled that "[j]udges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankr. Court for Dist. Of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).  "A judge will not be deprived of immunity because the action he took was in error, was done

**ORDER ON REPORT AND RECOMMENDATION - 4**

maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 551 (1872)). Regardless of whether Plaintiff agrees personally with the concept of judicial immunity, it is this Court's duty to apply the applicable law and Plaintiff has not provided any valid legal argument why judicial immunity should not apply to the judicial defendants named in this action.

The Court is not unsympathetic to Anderton's situation of having his home foreclosed upon. But Anderton does not deny that he entered into a loan secured by his residence, took the proceeds from the loan and later defaulted on the loan. Anderton has the ability to read, understand, and question legal documents before he voluntarily signs such documents. Anderton has had numerous opportunities in state and federal court cases to present his defenses and arguments regarding the lawfulness of the foreclosure. Merely because Anderton objects to the outcomes in these cases does not give him the right to continue to file lis pendens on the real property when his interests in such real property have been rejected by the Courts.

The Court understands that Plaintiff believes all the judges working on his cases have committed error in their actions or rulings, but that is the precise reason that judges have immunity so that parties that disagree with rulings cannot sue the judges civilly for their decisions. Instead, a party needs to seek an appeal through the proper channels to determine if the rulings were or were not within the law.

**ORDER ON REPORT AND RECOMMENDATION - 5**

The rule of law and judicial independence are key principles set down by our founding fathers. This Court takes seriously its oath to uphold the Constitution and the laws of this country. The Court declines to discuss further the lack of legal merit in Plaintiff's arguments contained in his Response to the Report and Recommendation. The Court adopts as its own analysis, the comprehensive memorandum of Judge Dale and commends Judge Dale for taking the time to fully articulate the Court's reasoning on the motions to dismiss instead of summarily denying the same as Plaintiff appears to argue would be the better course. If Plaintiff believes this Court is in err, he is free to seek appellate review.

The Court also finds that because Plaintiff has failed to provide proof of valid service of process of his Complaint on the other named Defendants who have not yet appeared and the time for service pursuant to Rule 4 has expired. Therefore, the Court will dismiss without prejudice the claims against those Defendants.

Finally, based on the dismissal of the pending actions against the certain financial institution Defendants, the Court finds that any lis pendens recorded by Plaintiff related to the real property commonly know as 2201 S. Fairway Drive, Pocatello, Idaho and legally described as Lot 10, in Block 1, of Fairway Estates Second Addition, Bannock County Idaho that has not previously been expunged should be expunged at this time. Plaintiff is advised that he is enjoined from recording any further lis pendens or other documents encumbering title to the aforementioned property without leave of a court of competent jurisdiction and Plaintiff may be held in contempt if he fails to comply with this order of

**ORDER ON REPORT AND RECOMMENDATION - 6**

the Court.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. the Report and Recommendation (Dkt. 37) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety;

**2.** the Motion to Dismiss filed by Defendants Smith, Bush and Winmill (Dkt. 8) is GRANTED;

3. the Motion to Dismiss filed by Defendants HSBC Bank, USA, as Trustee of the Ace Securities Corp. Home Equity Loan Trust, Series 2004-FM1, Credit Based Asset Servicing and Securitization aka C-Bass, Northwest Trustee Services, Routh Crabtree Olsen PS, Lance Olsen, and Derrick O'Neill (Dkt. 16) is GRANTED;

4. the Motion to Join Defendants' Motion to Dismiss, (Dkt. 26), filed by Defendants Mortgage Electronic Registration Systems, Inc., and Litton Loan Servicing LP is  GRANTED;

5. the claims against the remaining Defendants who are named in the Complaint but for which there is no valid proof of service in compliance with Fed. R. Civ. P. 4 are DISMISSED WITHOUT PREJUDICE based on Plaintiffs failure to prosecute the claims against these parties; and

6. any lis pendens recorded by Plaintiff related to the real property commonly know as 2201 S. Fairway Drive, Pocatello, Idaho and legally described as Lot 10, in Block 1, of Fairway Estates Second Addition, Bannock County Idaho that has not previously been expunged is hereby QUASHED AND EXPUNGED.  If Bonner County

**ORDER ON REPORT AND RECOMMENDATION - 7**

needs an additional order from the Court, Defendants shall provide a proposed order with the necessary language to effectuate expungement.  Plaintiff is ordered ENJOINED from recording any further lis pendens or other documents encumbering title to the aforementioned property without leave of a court of competent jurisdiction.

DATED:  September 29, 2011

**Honorable Edward J. Lodge**
**U. S. District Judge**